UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x
NATALYA A. NAPOLEON,

                  Plaintiff,                 **REPORT AND**
                                                     **RECOMMENDATION**
         -against-                 18-CV-5703 (SJF)(SIL)

5665 SUNRISE HWY CORPORATION d/b/a
112 AUTO SALES, NORTH SHORE
EQUITIES, INC. and TRANS UNION, LLC,

                  Defendants.
―――――――――――――――――――――――x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Sandra J. Feuerstein for Report and Recommendation in this consumer protection litigation, brought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, the Fair Credit Reporting Act ("FRCA"), 15 U.S.C. § 1391, and related New York State Law, are the parties', Plaintiff Natalya A. Napoleon ("Napoleon" or "Plaintiff") and Defendants 5665 Sunrise Hwy Corporation d/b/a 112 Auto Sales ("112 Auto") and North Shore Equities, Inc. ("North Shore," together with 112 Auto, "Defendants") cross-motions for summary judgment. *See* DE [46], [47].[1] For the reasons set forth below, namely the parties' failure to file the required statements and counter-statements of undisputed material facts in violation of Local Civil Rule 56.1 of the Local Rules for the United States District Courts for the Eastern and Southern

---

[1] Defendant Trans Union is no longer a party to this litigation. *See* DE [21] (Notice of Settlement); [27] (Stipulation of Dismissal with Prejudice Between Plaintiff and Defendant Trans Union, LLC ("Stipulation of Dismissal")); [28] (So Ordered Stipulation of Dismissal)

1

Districts of New York ("Local Civil Rule 56.1"), the Court recommends that the cross-motions be denied without prejudice to resubmit only after the parties comply with the local rule.

## I. BACKGROUND

Plaintiff commenced this action by Complaint filed on October 11, 2018, alleging that, by way of contract dated March 31, 2016, a Retail Purchase Agreement, she purchased a 2006 Toyota Corolla from 112 Auto, and the sale was financed by North Shore pursuant to a Retail Installment Contract. *See* Complaint ("Compl."), DE [1] ¶¶ 9, 10; *see also* Exhibit ("Ex.") A, Retail Purchase Agreement, and Ex. B, Retail Instalment [sic] Contract. She also purchased a service contract at the time. *See* Compl. ¶ 13. According to Napoleon, despite buying the car based on the representation that it was in "great condition," she had issues with it almost immediately—the car was not ready for pick up at the appointed time, it needed a new battery and there were problems with the starter. *Id*. ¶¶ 11-12, 15-17. These issues were apparently resolved by a different mechanic shop, and 112 Auto did not cover the expenses. *Id*. ¶¶ 17-19.

Then in February 2017 the car was towed. *Id*. ¶ 20. According to the Complaint, Defendants wrongfully repossessed the car. *Id*. ¶ 22. Defendants claim that during discovery however, it became clear that the City of New York towed the car. *See* Declaration of Frank J. Romano in Support of Defendants' Motion for Summary Judgment ("Romano Decl."), DE [47-1] ¶¶ 6-7 & Ex. F (subpoena to Louis Jordan, Director of Boot/Tow Program and documents produced) DE [47-9];

Declaration of Thomas Campbell in Support of Defendants' Motion for Summary Judgment ("Campbell Decl."), DE [47-2], ¶¶ 7-8. After Napoleon failed to pay the fines assessed by the City, the car was sold at auction. Romano Decl. ¶ 8 & Ex. F. In any event, after the car was towed, Plaintiff stopped making payments and still allegedly owes Defendant North Shore $11,001.20. *See* Campbell Decl. ¶ 5.

Based on these allegations, Plaintiff asserts claims for: (1) Breach of the Magnuson-Moss Warranty Act against 112 Auto and North Shore; (2) Unfair and Deceptive Trade Acts and Practices under the New York General Business Law § 349 against North Shore; (3) Conversion against North Shore; (4) Fraud against North Shore; (5) Violation of the Fair Credit Reporting Act against North Shore and Trans Union (who has been dismissed from the case); and (6) Intentional Infliction of Emotional Distress against all Defendants. By way of Amended Answer with Counterclaim, North Shore asserts a breach of contract claim against Napoleon for the balance owed on the purchase of the car—$11,001.20. *See* Amended Answer with Counterclaim, DE [47-8]. Defendants now move for summary judgment dismissing the Complaint and in their favor on North Shore's cross-claim. *See* DE [47]. Plaintiff cross-moves for partial summary judgment in her favor against North Shore based on its alleged violations of the FCRA. *See* DE [46].

For the reasons set forth below, the Court recommends that the cross-motions be denied for failure to comply with Local Civil Rule 56.1, making it impossible for the Court to determine which facts are undisputed, and therefore determine whether summary judgment is appropriate for either side, in whole or in part.

## II. LEGAL STANDARD

### A. Summary Judgment

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the "difficult" burden of establishing that there are no genuine issues of material fact such that summary judgment is appropriate. *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005). In deciding the motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation marks omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F.Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party."). In determining

whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986); *see also Jeffreys*, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.") (internal quotation marks and citation omitted).

Local Civil Rule 56.1(a) provides:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

L. Civ. R. 56.1(a).

Subsection (b) provides:

> The papers opposing such a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts to which it is contended that there exists genuine issues to be tried.

L. Civ. R. 56.1(b).

The purpose of the rule is to aid courts in deciding summary judgment motions quickly, and it is strict—failure to comply may result in denial of the motion. *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009); *Davis v. Town of Hempstead*, 14-CV-903, 2019 WL 235644, at *2 (E.D.N.Y. Jan. 16, 2019); *Bristol v. Schenk*, 14-

5

CV-6647, 2017 WL 9485715, at *5 (E.D.N.Y. Jul. 31, 2017) (recommending denial of summary judgment motion due to failure to comply with Local Civil Rule 56.1); *see KBM World Wide, Inc. v. Hangover Joe's Holding Corp.*, 15-CV-7254, 2017 WL 685606, at *2 (E.D.N.Y. Feb. 21, 2017) ("The failure to file a Rule 56.1 Statement, is, on its own, grounds for denial of a motion for summary judgment."); *Purisma v. Tiffany Entm't*, 09-CV-3502, 2014 WL 3828291, at *1 (E.D.N.Y. June 20, 2014), *report and recommendation adopted by* 2014 WL 3828376 (E.D.N.Y. Aug. 4, 2014) ("As courts in this district have observed repeatedly, the failure to file a Rule 56.1 Statement is grounds for dismissal of a motion for summary judgment."); *MSF Holding Ltd. v. Fiduciary Trust Co. Int'l*, 435 F.Supp. 2d 285, 304-05 (S.D.N.Y. 2006) (denying summary judgment where movant failed to submit Rule 56.1 statement); *Antwi v. Health & Human Sys. (Centers) F.E.G.S.*, 13-CV-835, 2014 WL 4548619 at *4-5 (S.D.N.Y. Sept. 15, 2014) (denying summary judgment motion for failure to comply with Local Civil Rule 56.1).[2]

### B. Analysis

Applying these standards, the Court recommends that the parties' cross-motions be denied without prejudice until they comply with the requirements of Local Civil Rule 56.1. Neither party filed a 56.1 statement with either their moving papers or their opposition.[3] This failure creates more than just an academic problem.

---

[2] While the Court recognizes that it has the discretion to ignore a violation of Local Civil Rule 56.1 and conduct an "assiduous review of the record" to determine the undisputed facts, *See Antwi*, 2014 WL 4548619 at *4 (quoting *Osuna v. Gov't Employees Ins. Co.*, 11-CV-3631, 2014 WL 1515563, at *2 (E.D.N.Y. Apr. 17, 2014)) it declines to do so here. As set forth below, the record is insufficient to engage in such an exercise.

[3] In this regard, the Court notes that in an apparent clerical order, the opposition to Plaintiff's motion for summary judgment was not filed. Rather a second copy of Plaintiff's opposition to Defendants'

Defendants' supporting memorandum of law contains a one paragraph "Statement of Facts" with no citations to the record. *See* DE [47-3] at 4.[4] The evidence cited in the argument is based largely on an attorney affidavit containing a statement of facts with attachments such as the Retail Installment Contract. *See* Romano Decl. ¶ 3 & Ex. B, DE [47-1], [47-5]. Plaintiff's opposition papers also contain no statement of facts and attach a different version of the same document. *See* DE [47-18]. Moreover, Plaintiff's moving memorandum of law on her cross-motion contains 37 numbered paragraphs in her "Factual Background," only ten of which have citations to the record. *See* Memorandum in Support of Plaintiff's Motion for Summary Judgment, DE [46-1] at ¶¶ 6-43. Had the parties been working from the same set of operating documents, perhaps agreeing that certain facts are not in dispute, something that Rule 56.1 statements would address, the Court could more readily assess the parties' contractual obligations, and as a result, determine whether summary judgment is appropriate for either side. Further, with respect to Defendants' attorney affidavit, the Court cautions against attorneys swearing to the relevant facts. For example, defense counsel swears to the authenticity of certain documents, such as the Retail Purchase Agreement and the Retail Sales Contract as defense exhibits A and B. *See* Romano Decl. ¶ 3. Yet the Campbell Declaration, sworn by the President of both corporate defendants, only states that these documents are attached generally as exhibits but not identified specifically. *See* Campbell Dec. ¶ 3. It is these types of

---

motion is on the docket in its place. Although the Court issued an order to file the correct papers, Defendants have not yet done so. *See* DE [49]; Electronic Order, July 27, 2020.

[4] The pages in Defendants' memorandum of law are unnumbered and so the Court uses the page numbers assigned by ECF.

disconnects that, albeit minor on their own, give the Court pause where there are no accompanying 56.1 statements to clear up any confusion concerning the relevant documents.

For these reasons, the Court recommends that the parties' cross-motions for summary judgment be denied until such time as the parties exchange Rule 56.1 statements, and then brief their motions accordingly if appropriate.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the parties' cross-motions for summary judgment, DE [46], [47], be denied without prejudice to be refiled with proper 56.1 statements if appropriate.

### IV. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           July 30, 2020

                                            s/ Steven I. Locke
                                            STEVEN I. LOCKE
                                            United States Magistrate Judge

8