UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NATALYA A. NAPOLEON,

                      Plaintiff,

    -against-

5665 SUNRISE HWY CORPORATION d/b/a
112 Auto Sales, NORTH SHORE EQUITIES, INC.,
and TRANS UNION, LLC,
                      Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

**ORDER**
18-CV-5703 (SJF)(SIL)

FILED
CLERK
3:09 pm, Sep 28, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

      Pending before the Court is the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated July 30, 2020 ("the Report"), (1) recommending that the parties' cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure be denied without prejudice to renewal in compliance with Local Civil Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 56.1"); and (2) advising, *inter alia*, (a) that ""[a]ny objections to th[e] Report . . . must be filed . . . within fourteen (14) days of receipt of th[e] report," (Report at 8), and (b) that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's Order." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). Although a copy of the Report was served upon all parties via ECF on July 30, 2020, (*see* DE 51), no party has filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons set forth below, the Report is accepted in its entirety.

1

I.	Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12, 14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *see also Isigi v. Dorvilier*, 795 F. App'x 31, 34 (2d Cir. Dec. 19, 2019)

("While we have discretion to excuse a failure to object 'in the interests of justice,' we will ordinarily not exercise that discretion unless 'the magistrate judge [has] committed plain error.'" (brackets in original)).

II.     Review of Report

Since no party has filed any timely objections to the Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety.

III.    Conclusion

For the reasons set forth above, the Report is accepted in its entirety and, for the reasons set forth therein, the parties' cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure are denied without prejudice and with leave to renew in accordance with Local Civil Rule 56.1, *provided* that the fully-briefed motions are filed in accordance with the undersigned's individual rules **by no later than December 14, 2020.** The status conference scheduled before the undersigned on October 20, 2020 is adjourned **to January 14, 2021 at 10:30 a.m.**  Said conference will be conducted telephonically. At the

3

designated time, the Parties are to call Chambers' teleconferencing number, **(877) 336-1280**, and follow the automated instructions; the access code is: **7215690**.

SO ORDERED.

                                            /s/ *Sandra J. Feuerstein*
                                            SANDRA J. FEUERSTEIN
                                            United States District Judge

Dated: September 28, 2020
       Central Islip, New York